# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2449

_____

Yvette M. Louisell,                            *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
     v.                                        *   District Court for the
                                               *   Southern District of Iowa.
Director of Iowa Department of                 *
Corrections,                                   *
                                               *
            Appellee.                          *

_____

Submitted:  February 8, 1999

Filed:  June 2, 1999

_____

Before WOLLMAN,[1] LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

       Yvette M. Louisell appeals from the district court's[2] denial of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We affirm.

_____

       [1]Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

       [2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

**I.**

In the fall of 1987, Louisell was a seventeen year-old college freshman who worked part-time as a nude model for a college art course. Keith Stillwell, one of the art students, befriended Louisell and often hired her to model in his home. Stillwell was a paraplegic who walked with two canes or crutches and had limited use of his hands. While at Stillwell's home for a modeling session on December 6, 1987, Louisell fatally stabbed Stillwell and took his wallet. She was apprehended the next day while attempting to use Stillwell's credit card to make a purchase.

Louisell was charged with one count of first-degree murder and three counts of forgery. See Iowa Code §§ 707.1, 707.2, and 715A.6 (1987). At trial, Louisell testified that she had stabbed Stillwell in self-defense after he attempted to rape her and that she had then stolen his wallet to make it look like a robbery. The jury convicted Louisell on all counts, and she was sentenced to life imprisonment. Her conviction was affirmed on direct appeal by the Iowa Court of Appeals, see State v. Louisell, No. 10258 (Iowa Ct. App. April 24, 1990), and further review was denied by the Iowa Supreme Court. Louisell filed an application for state post-conviction relief, which was denied on April 9, 1993.

Louisell then filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254.[3] The district court denied the petition, but issued a certificate of appealability with respect to certain issues. See 28 U.S.C. § 2253.

---

[3]In light of our recent holding in Nichols v. Bowersox, Nos. 97-3639/97-3640, slip op. (8th Cir. Apr. 13, 1999) (en banc), we agree with the district court that Louisell's petition was timely filed.

## II.

## A.

Louisell first asserts that the jury instructions relating to the justification defenses under Iowa law violated her due process rights under the Fourteenth Amendment. She argues that the instructions required the jury to consider what a reasonable person would have done under the circumstances and thereby discouraged the jury from considering what force she felt was necessary to defend herself.

The formulation of jury instructions primarily concerns the application and interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that a federal habeas court is not to "reexamine state-court determinations on state-law questions"). A finding that a jury instruction is permissible under state law, however, does not determine whether due process has been violated under federal law. See id. at 68; Seiler v. Thalacker, 101 F.3d 536, 539 (8th Cir. 1996).

Habeas corpus relief may be granted only when an erroneous jury instruction constituted "a fundamental defect" that resulted "in a complete miscarriage of justice, [or] an omission inconsistent with rudimentary demands of a fair trial." Crump v. Caspari, 116 F.3d 326, 327 (8th Cir. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); accord Berrisford v. Wood, 826 F.2d 747, 752 (8th Cir. 1987). We conclude that no constitutional violation occurred in this case. See Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). The instructions were not misleading. See Boyde v. California, 494 U.S. 370, 380 (1990). They conveyed to the jury that the state was required to prove the existence of every fact to constitute the crime charged beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 363 (1970). They also instructed the jury to consider all of the evidence, "including the evidence going to self-defense," in deciding whether there was "a reasonable doubt about the sufficiency of the state's proof of the elements of the crime." Martin v. Ohio, 480 U.S. 228, 234 (1987).

**B.**

Louisell next argues that her due process rights were violated when the trial court refused her request to present surrebuttal argument. During its closing argument, the state reviewed the trial testimony, the physical evidence, and several jury instructions, and then argued that Louisell's version of the events was unreasonable. Louisell's counsel then argued on her behalf, emphasizing her age and moral character and noting that the state had failed to present any theory of the case. In rebuttal, the state proposed a theory of the case, offered a motive for the crime, and questioned the sincerity of Louisell's testimony. Defense counsel then requested an opportunity to present surrebuttal argument, arguing that the state's rebuttal argument presented new issues.

The state is not required to present a "'theory of the case'" in its opening argument "in the sense that it must endeavor to explain the meaning of every piece of evidence." United States v. Sarmiento, 744 F.2d 755, 766 (11th Cir. 1985). The scope of the state's rebuttal is determined by the content of the defendant's closing argument. See id. The state's rebuttal argument responded to defense counsel's invitation to proffer an explanation of the crime, and thus the trial court's refusal to allow surrebuttal argument did not deprive Louisell of due process.

**C.**

After she was arrested for attempting to use Stillwell's credit card, Louisell was taken to the police station. In light of Louisell's age, police officers called Louisell's grandmother and legal guardian, Ethel Epps, to obtain permission to question Louisell. After Ms. Epps granted the police officers such permission, she asked to speak with Louisell. During Louisell's conversation with her grandmother, police overheard her make statements about finding a wallet with credit cards in it. The officers were

permitted to testify about these statements. Louisell contends that the admission of those statements violated her Fifth Amendment rights.

To be protected by the Fifth Amendment, the statements must have been made while in police custody and in response to police interrogation, see Miranda v. Arizona, 384 U.S. 436 (1966), or its "functional equivalent." Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). In determining whether the statements were the result of an interrogation, we focus on Louisell's perception of the attending circumstances. See Boykin v. Leapley, 28 F.3d 788, 792 (8th Cir. 1994). "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." Miranda, 384 U.S. at 478. Although Louisell was no doubt in police custody, the circumstances surrounding her telephone conversation with her grandmother do not suggest that the officers called Ms. Epps with an intent to elicit incriminating statements from Louisell. Louisell was not "subjected to compelling influences, psychological ploys, or direct questioning" from police officers, Arizona v. Mauro, 481 U.S. 520, 529 (1987), and thus the admission of her statements to her grandmother did not violate her Fifth Amendment rights.

**D.**

Lastly, Louisell advances several arguments in support of her contention that she was denied a fair trial in violation of her Sixth Amendment rights because of prosecutorial misconduct. As a general rule, "[p]rosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the trial with enough unfairness to render [petitioner's] conviction a denial of due process." Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998), cert. denied, 119 S. Ct. 808 (1999).

First, Louisell claims that the state interfered with her right to interview and have access to the reports of Dr. Turner, a psychiatrist who examined her. She argues that the state instructed Dr. Turner not to speak to her lawyers without the presence of the

prosecutor. The Iowa Court of Appeals found, however, that the state had merely expressed a preference that the prosecutor be present. See Louisell, No. 10258, slip op. at 12. Moreover, the trial court ultimately granted Louisell access to Dr. Turner outside the presence of the prosecutor. Neither party called Dr. Turner to testify at trial, and there is no evidence that any delay Louisell experienced in being able to speak privately with Dr. Turner rendered the trial unfair.

Second, Louisell argues that the prosecuting attorney improperly commented on her credibility during the closing argument by suggesting that her attorney had coached her to cry while testifying. "Improper prosecutorial remarks violate due process when there is a reasonable probability the remarks affected the trial's outcome." Roberts, 137 F.3d at 1066. We see no reasonable probability that the challenged comment affected the outcome of the trial in this case.

Finally, Louisell contends that the prosecuting attorney deliberately pursued information previously suppressed by the trial court during the examination of several witnesses. Trial errors warrant habeas relief when the prosecutor's actions are improper and have "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Thomas, 93 F.3d 479, 487 (8th Cir. 1996). "In evaluating whether a trial error resulted in prejudice to the defendant, we consider the cumulative effect of such misconduct, the strength of the properly admitted evidence of the defendant's guilt, and the curative actions taken by the [trial] court." Id. In this case, there is no evidence that the prosecutor attempted to elicit information suppressed by the trial court in willful disregard of the trial court's order. The Iowa Court of Appeals found that one of the answers was unanticipated by the prosecution and another answer was merely cumulative of evidence already admitted. Moreover, the trial court properly sustained Louisell's objections to improper questions and immediately admonished the jury to disregard the statements. Considering the strength of the state's evidence and the curative instructions provided by the trial court,

we conclude that no constitutional violation occurred.  See United States v. Turk, 21 F.3d 309, 313 (8th Cir. 1994); Thomas, 93 F.3d at 487.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.