# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2097

_____

| | | |
|---|---|---|
| Mark E. Graham, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dave Dormire, Superintendent/Warden, | * | |
| Jefferson City Correctional Center, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 13, 2000

Filed: May 9, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Mark E. Graham appeals from the district court's[1] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

**I.**

In July of 1992, Graham was convicted of three counts of sodomy in violation of Missouri Revised Statutes section 566.060 and was sentenced to three consecutive twenty-year terms of imprisonment.[2]  The charges stemmed from Graham's touching of the penis of a ten-year-old boy on several different occasions when several boys from a youth group were staying at Graham's apartment overnight.  The Missouri Court of Appeals affirmed Graham's convictions and denied his petition for post-conviction relief.  See State v. Graham, 906 S.W.2d 771 (Mo. Ct. App. 1995).

Graham did not testify during trial.  During her closing argument, defense counsel stated:

> My client Mark Graham did not testify, and the Judge has instructed you that it is Mark's right not to testify, and that you are not to presume guilty [sic] or draw any influence [sic] of any kind regarding the fact that Mark did not testify.  Quite frankly, was it[3] necessary for Mark to testify when the prosecutor clearly failed to meet his burden of proof.  There is much reasonable doubt . . . .

At the conclusion of defense counsel's argument, the prosecutor approached the bench and told the court that he believed that he was entitled to comment upon Graham's failure to testify because the defense had referred to it by making the above-quoted remark.  The court agreed, but cautioned the prosecutor to limit his comments because defense counsel's remark was about whether there was "any need for

---

[2]Graham has since been re-sentenced to three consecutive four-year terms of imprisonment.  See State v. Graham, No. SC-81976, 2000 Mo. LEXIS 27 (Mo. Mar. 21, 2000) (en banc).

[3]At the state post-conviction hearing, defense counsel testified that this sentence should instead read: "it was not necessary."

[Graham] to testify since you [the prosecutor] did not present evidence." The court stated, "I think you can respond to that question but not any further than that."

During his rebuttal argument, the prosecutor made the following statements:

Whether Mark Graham needed to testify or not is your decision but the prosecution in fact made the essential elements of the case of sodomy . . . . Whether he chose to testify because the State didn't prove those elements, that's not the case at all. That is not the case at all.
. . .
There is not an explanation for why [N.S.] would come before you and tell you what happened. The only explanation is he's telling you the truth.
. . .
[N.S.] is telling the truth, and we know that because [T.F.] tells us the same thing. It's a pattern. [T.F. and N.S.] tell us the same thing because they're telling the truth.
. . .
[N.S.] came forward and has the courage to testify. [T.F.] came forward and had the courage to testify. Remember the evidence, and as you recall it, the State is convinced you will return a verdict of guilty on all three counts. Tell Mark Graham that you abused the trust, you abused the confidence, and now you are going to pay dearly.

Defense counsel neither objected to the prosecutor's remarks nor sought a curative instruction. Graham contends that these comments all referred to his failure to testify. This is particularly so, he argues, because only he and N.S. could offer explanation or evidence of the events underlying the charges.

Graham argues that defense counsel did not invite the prosecutor's comments about his failure to testify, and that if she did, the prosecutor went beyond the bounds of permissible comment with his response. Graham also contends that his counsel was ineffective for referring to his failure to testify and for failing to object to the prosecutor's remarks. The district court denied Graham's petition, noting that

"[a]lthough it would have been preferable if neither attorney had commented on Graham's failure to testify, the comments made did not violate Graham's Fifth Amendment right."

## II.

Graham's petition for habeas corpus was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), so we apply the pre-AEDPA standard of review. See Johns v. Bowersox, 203 F.3d 538, 542 (8th Cir. 2000). Under this standard, Graham must demonstrate a "reasonable probability that the error complained of affected the outcome of the trial," meaning that the verdict probably would have been different absent the now-challenged closing argument. Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987) (en banc); see Louisell v. Director of Iowa Dept. of Corrections, 178 F.3d 1019, 1024 (8th Cir. 1999).

We review the district court's findings of fact for clear error and its conclusions of law de novo. See Richardson v. Bowersox, 188 F.3d 973, 977 (8th Cir. 1999). Because the state courts reviewed Graham's contentions concerning the prosecutor's closing argument solely for plain error, so also do we. See Kilmartin v. Dormire, 161 F.3d 1125, 1127 (8th Cir. 1998), cert. denied, 526 U.S. 1152 (1999).

## A.

A defendant's fifth amendment right against compulsory self-incrimination forbids a prosecutor from commenting on an accused's failure to take the stand and testify on his own behalf. See Griffin v. California, 380 U.S. 609, 615 (1965). Indirect comments constitute a constitutional violation if they manifest the prosecutor's intent to call attention to a defendant's failure to testify or would be naturally and necessarily taken by a jury as a comment on the defendant's failure to testify. See United States

v. Emmert, 9 F.3d 699, 702 (8th Cir. 1993). Prosecutorial comments, however, must be examined in context, see id., and a prosecutor need not remain mute when the defendant himself raises the testimonial issue. See United States v. Robinson, 485 U.S. 25, 33 (1988). "[W]here . . . the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege [against compulsory self-incrimination]." Id. at 32; cf. United States v. Plumley, Nos. 99-2651 & 99-2997, 2000 U.S. App. LEXIS 5992, at *18-19 (8th Cir. Apr. 3, 2000) (prosecution's remarks about plea agreements constituted "fair response and rebuttal" and thus did not warrant reversal).

We conclude, as did the state trial court, that defense counsel's statement about Graham's lack of need to testify allowed responsive prosecutorial commentary about Graham's failure to testify. See Robinson, 485 U.S. at 31 (accepting trial court's reasonable interpretation of defense counsel's remarks).

The question, then, is whether the prosecutor's comments constituted a "fair response" to defense counsel's comment. See id. We conclude that they did. Having received from the trial court permission to respond in a limited fashion, the prosecutor's first comment about Graham's failure to testify parroted defense counsel's "was it necessary" assertion, thus directly linking that comment to that of the defense. Further borrowing defense counsel's language, the prosecutor stated that the determination of Graham's need to testify was for the jury because the State had made its case.

The prosecutor's next comment, that N.S.'s testimony was the "only explanation" of the events of the nights in question, was interwoven with statements about practical problems of evidence in sexual abuse cases and thus was not a reference to Graham's failure to testify.

Likewise, we conclude, as did the state courts, that in context the last two comments Graham contends are objectionable are more accurately characterized as

references in support of the prosecution's witnesses and its most compelling evidence–the testimony of those witnesses.

In summary, in light of the responsiveness of the prosecutor's comments to those made by defense counsel, we conclude that the challenged comments did not enter even "into the gray zone between clearly acceptable and clearly unacceptable advocacy." Plumley, 2000 U.S. App. LEXIS at *20.

**B.**

Having found no constitutional error in the prosecutor's response, we turn to Graham's final contention: that defense counsel's actions and inaction constituted the ineffective assistance of counsel.

To prevail on his ineffective assistance claims, which are mixed questions of law and fact, Graham must show that counsel's performance was deficient and that he was prejudiced by that deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burkhalter v. United States, 203 F.3d 1096, 1097 (8th Cir. 2000). "Counsel's performance was deficient if it fell 'outside the wide range of professionally competent assistance.'" Sherron v. Norris, 69 F.3d 285, 290 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 690). Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful. James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996).

Graham argues that defense counsel should have objected to the prosecutor's rebuttal comments or requested a curative jury instruction. Because the prosecutor's remarks were constitutionally acceptable, however, defense counsel's inaction resulted in no prejudice to Graham, thus this claim fails. See id. ("Absent a showing of prejudice, it is not necessary to decide whether counsel's failure . . . constituted deficient performance.").

Graham next argues that defense counsel did not realize the import of her comment, thus invoking the prosecutor's response inadvertently and prejudicially. Graham points to testimony at his state post-conviction hearing indicating that defense counsel did not understand that her comments would enable the prosecutor to comment on his failure to testify. Defense counsel, however, twice stated that she knew that she had referred to Graham's failure to testify and that she had done so intentionally, as a part of trial strategy. She testified that "I had elected to have the Judge include as an instruction to the jury the Defendant's right not to testify. So instead of avoiding it or not bringing it up with the jury, I decided to be forthwith [sic] and consistent, and mention it again as a reminder in my closing argument."

Both the district court and the state courts found defense counsel's actions to be within the wide range of professionally reasonable trial strategy, albeit constituting an unusual approach. We agree. Defense counsel chose to confront directly the possibility that Graham's failure to testify was already in the jurors' thoughts. She concluded that a straightforward remark would better serve Graham than a jury instruction alone. The strategy was not unreasonable solely because it failed. Although we agree with the district court that commentary by either party on a defendant's silence is likely a road better left not taken, we cannot conclude, particularly in a plain error context, that defense counsel's strategic decision to walk such a path constituted the ineffective assistance of counsel.

The order denying the petition for habeas corpus is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-