# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2187

_____

| | | |
|---|---|---|
| David Gary, | * | |
| | * | |
| Appellant. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| Dave Dormire, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 15, 2001

Filed: July 6, 2001

_____

Before BOWMAN, LOKEN, Circuit Judges, and STROM,[*] District Judge.

_____

STROM, District Judge.

David Gary appeals from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  We affirm.

_____

[*] The Honorable Lyle E. Strom, Senior United States District Judge, District of Nebraska, sitting by designation.

I. BACKGROUND

On September 9, 1989, at approximately 2:30 a.m., David Gary (petitioner) visited his estranged wife to explore the prospect of reuniting. His efforts at reconciliation proved unsuccessful, and the conversation ended with the petitioner striking his estranged wife in the mouth. Noticing that she was bleeding, he drove her to the hospital. At the hospital petitioner, having attracted the attention of security guards, left the hospital and made his way to his car. He rejected a security officer's suggestion he exit the car and, noticing that the police were arriving, sped out of the parking lot.

St. Louis police located petitioner's car several hours later and took up pursuit. The petitioner tried eluding police, and a high-speed chase ensued. The chase ended tragically when petitioner crashed into a police squad car barricade while traveling over one hundred miles per hour. He survived the crash. The police officer sitting in the squad car he struck was killed on impact. In a post-accident inventory of the petitioner's car, police recovered empty and full beer cans and a bottle of hard liquor.

Petitioner was tried on charges of first-degree murder, first-degree assault, second-degree assault, third-degree assault, and two counts of armed criminal action. He was convicted on all charges. The conviction was reversed, however, because of the presence of a former St. Louis police officer on the jury. See State v. Gary, 822 S.W.2d 448 (Mo. Ct. App. 1991). Petitioner was retried.

> [At trial he] defended under the theories of diminished
> capacity and lack of premeditation. [Petitioner] testified in
> his own defense. [He] stated that he was extremely upset
> and wanted to kill himself [. . .]To support his theory of

diminished capacity, [he] offered the expert testimony of Dr. Bruce Harry, a psychiatrist. Dr. Harry diagnosed [Petitioner] as suffering from major depression and the less severe depressive condition of dysthymia at the time of Officer McNew's death. Dr. Harry said his diagnosis was based on prior medical and psychological records, police reports, accounts from persons with knowledge of [Petitioner's] behavior, and statements [he] made [. . .] during Dr. Harry's examination of him. Dr. Harry's opinion was that the collision "was the result of major depression."

State v. Gary, 913 S.W.2d 822, 826-28 (Mo. Ct. App. 1995). The prosecutor offered evidence the petitioner consumed and possessed alcohol on the day of the events. "[He] explained his purpose for offering evidence of alcohol was to undermine the Defendant's diminished capacity theory: My burden is not only of proof beyond a reasonable doubt on the elements but persuasion that the defense offered is ludicrous and is of no merit." Id. at 828 (internal quotation marks omitted). At the close of trial, in Jury Instruction No. 17 (patterned after MAI-CR3d § 310.50), the trial court instructed the jury that:

The state must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct.

Id. The jury convicted petitioner of first-degree murder (Mo. Rev. Stat. § 565.020.1), second-degree assault (Mo. Rev. Stat. § 565.060), and two counts of armed criminal action (Mo. Rev. Stat. § 570.015). He was sentenced to life imprisonment without the possibility of probation or parole for the murder, ten years for the assault, and five years for each of the armed criminal actions.

Petitioner filed for post-conviction relief pursuant to Mo. Sup. Ct. R. § 29.15. His motion was denied. The Missouri Court of Appeals affirmed the petitioner's conviction and sentence and the denial of post-conviction relief. Gary, 913 S.W.2d at 822. The United States Supreme Court denied certiorari. See Gary v. Missouri, 519 U.S. 827, 117 S.Ct. 91 (Mem), 136 L.Ed.2d 47 (1996).

Petitioner filed a *pro se* habeas petition in United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 2254. His original petition raised four claims. Counsel was appointed, and an amended petition was filed, raising two additional claims.

The district court denied the claims raised in the pro se petition as procedurally defaulted. The claims raised in the amended petition were denied on the merits. A certificate of appealability was granted with respect to the two claims raised in the amended habeas petition.

## II. DISCUSSION

On appeal from the denial of a petition for a writ of habeas corpus, the district court's conclusions of law are reviewed *de novo* and its factual findings are reviewed for clear error. Smith v. Groose, 205 F.3d 1045, 1049 (8th Cir. 2000); James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 2000); Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999). A statutory presumption of correctness attaches to the State court's findings of fact. See 18 U.S.C. § 2254(e)(1); see also Thompson v. Keohane, 516 U.S. 99, 109-11 (1995); and Weaver v. Bowersox, 241 F.3d 1024, 1031 (8th Cir. 2001); and Leisure v. Bowersox, 990 F.Supp. 769, 806 (E.D.Mo. 1998).

The two issues presented in this appeal are:

> 1. Whether Mo. Rev. Stat. § 562.076.3 violates the due Process Clause of the Fourteenth Amendment of the United States Constitution.
>
> 2. Whether MAI-CR3d § 310.50 required the jury that convicted Gary to presume that he acted knowingly and after deliberation, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The district court evaluated both of the petitioner's claims under 28 U.S.C. § 2254(d).[1] It ultimately denied habeas relief, concluding that petitioner had "failed

---

[1] The record suggests that petitioner's challenge to Mo. Rev. Stat. § 562.076.3 was never presented, let alone adjudicated on the merits, in State court. By its terms, subsection (d) only applies to federal habeas claims that were "adjudicated on the merits in state court proceedings." See 28 U.S.C. § 2254(d); see Braun v. Powell, 227 F.3d 908, 916-17 (7th Cir. 2000); and Moore v. Parke, 148 F.3d 705, 708 (7th Cir. 1998); and Lockhart v. Johnson, 104 F.3d 54, 57-8 (5th Cir. 1997). For subsection (d) to apply, the federal habeas claim must, at a bare minimum, have been presented in State court. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999), *cert denied*, 527 U.S. 1016, 119 S.Ct. 2361, 144 L.Ed.2d 254 (1999). If a claim was not presented in State court, it cannot be said it was "adjudicated on" under even the most liberal construction of § 2254(d). See Id.

The district court recognized that the petitioner's first claim, the constitutional challenge to § 562.076.3, was different from his State-court claim. At trial the State offered evidence the petitioner possessed and consumed alcohol on the day that the events at issue transpired. The petitioner claimed that this evidence "was not relevant to any issue in [the] case" and its admission prejudiced him. State v. Gary, 913 S.W.2d 822, 827 (Mo. Ct. App. 1995). Petitioner argues the exact opposite in his federal habeas petition, claiming that this very same evidence was relevant to a very vital issue - - the issue of whether he possessed the necessary mens rea to be convicted of first-degree murder. Before the Missouri Court of Appeals, the petitioner claimed voluntary intoxication evidence was inadmissable both under Mo.Rev.Stat. § 562.076.3 and the Missouri Supreme Court's holding in State v. Erwin (848 S.W.2d 476 (Mo. banc 1993)). Id. at 827 n. 1. Petitioner now attacks the constitutionality of Mo.Rev.Stat. § 562.076.3 and the Erwin case. Therefore, in his federal action the petitioner challenges the validity of the very same authority his State court arguments relied upon.

We need not determine whether the district court applied the appropriate standard of review to the petitioner's first claim as we agree that Mo. Rev. Stat.§ 562.076.3 does not violate the Due Process Clause. The petitioner has not demonstrated that he is entitled to habeas relief under either

to show that the decisions of the trial court and the Court of Appeals are contrary to, or an unreasonable application of, Supreme Court precedent."

For relief to issue pursuant to § 2254(d), a habeas petitioner must demonstrate that the State court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] 28 U.S.C. § 2254(d)(1). A State court decision is "contrary to" clearly established federal law if (1) "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases" or, (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nonetheless arrives at a different result[. . .]" Williams v. Taylor, 529 U.S. 362, 406 (2000) (O'Connor, J., concurring); see also Closs v. Weber, 238 F.3d 1018, 1020 (8th Cir. 2001); and Copeland v. Washington, 232 F.3d 969, 974 (8th Cir. 2000). Under the "unreasonable application" prong, we determine whether the state court's application of clearly established federal was objectively unreasonable. Williams, 529 U.S. at 365; Carroll v. Schriro, 243 F.3d 1097, 1099 (8th Cir. 2000). "A state-court decision that correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case certainly would qualify as a decision involving an unreasonable application of . . . clearly established Federal law." Williams, 529 U.S.

---

§ 2254(d) or under the more liberal pre-AEDPA standard of review. See Washington v. Schriver, ___ F.3d ___ (2nd. Cir. 2001) *available at* 2001 WL 674248; Braun v. Powell, 227 F.3d 908, (7th Cir. 2000); Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000); Lockhart, 104 F.3d at 57-8.

[2] The petitioner has never argued that the state court adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2).

at 407 (O'Connor, J., concurring); see <u>Simmons v. Bowersox</u>, 235 F.3d 1124, 1130 (8th Cir. 2001); and <u>McReynolds v. Kemna</u>, 208 F.3d 721, 723 (8th Cir. 2000). With these principles in mind we address the petitioner's claims in turn.

1.      Does Mo. Rev. Stat. § 562.076.3 violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution?

Section 562.076 provides, in its entirety:

> 1.  A person who is in an intoxicated or drugged condition, whether from alcohol, drugs or other substance, is criminally responsible for conduct unless such condition is involuntarily produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct.
>
> 2.  The defendant shall have the burden of injecting the issue of intoxicated or drugged condition.
>
> 3.  Evidence that a person was in a voluntarily intoxicated or drugged condition may be admissible when otherwise relevant on issues of conduct but in no event shall it be admissible for the purpose of negating a mental state which is an element of the offense. In a trial by jury, the jury shall be so instructed when evidence that a person was in a voluntarily intoxicated or drugged condition has been received into evidence.

Mo. Rev. Stat. § 562.076 (Michie 1995).

According to the Missouri Supreme Court, there are two aspects to Missouri's rule on voluntary intoxication evidence . <u>Id.</u> at 482.  First, voluntary intoxication is not *per se* proof of inability to form a culpable mental state.  <u>Id.</u>; see also <u>State v.</u>

Roberts 948 S.W.2d 577, 587 (Mo. banc. 1997). Second, voluntary intoxication is irrelevant to the defendant's mental state. Erwin, at 482 (explaining that the pattern jury instruction based on § 562.076.3 is a "unique [. . .] comment on [. . .] irrelevant evidence.") The statute ". . . places an intoxicated person on a level footing with a sober person as to the mental elements of an offense and places limits on the defense of diminished capacity due to intoxication." State v. Erwin, 848 S.W.2d 476, 483-84 (Mo. banc 1993).

Petitioner argues that evidence of voluntary intoxication was relevant to the issue of whether he acted "knowingly" and "after deliberation" under the State's charge of first-degree murder. See Mo. Rev. Stat. § 565.020 ("A person commits the crime of murder in the first degree if he *knowingly* causes the death of another person *after deliberation* upon the matter.") He claims a due process right under Montana v. Egelhoff, 518 U.S. 37 (1996), to have the jury consider evidence of voluntary intoxication when determining whether he possessed the requisite mens rea to be found guilty beyond a reasonable doubt of first-degree murder. According to the petitioner, Egelhoff establishes that evidence of voluntary intoxication may not be excluded unless the charged offense has been redefined to eliminate the mens rea requirement for voluntarily intoxicated defendants.

The petitioner correctly recognizes that his claim is governed by the United States Supreme Court's decision in Montana v. Egelhoff. Accordingly, for the petitioner to establish that § 562.076.3 is unconstitutional, he must demonstrate that it violates a "fundamental principle of justice." Egelhoff, 518 U.S. at 43; see also Egelhoff, 518 U.S. at 58-9 (Ginsburg, J., concurring).

At issue in Egelhoff was the constitutionality of a Montana statute and attendant jury instruction which provided that: "[an intoxicated condition] . . . may not be taken into consideration in determining the existence of a mental state which is an element of the offense . . ." State v. Egelhoff, 900 P.2d 260, 263 (Mont., 1995)(quoting Mont. Code. Ann. § 45-2-203 (1995)). The Montana Supreme Court held the defendant in that case "was denied due process when the jury was instructed that voluntary intoxication may not be taken into consideration in determining the existence of a mental state which is an element of the offense." Id. at 266. It declared the defendant possesses a due process right to have the jury consider voluntary intoxication evidence when it determines whether a criminal defendant possesses the necessary mens rea element to be convicted of the charged offense. Id.

The United States Supreme Court reversed the judgment of the Montana Supreme Court. The plurality concluded that the right being asserted by the defendant -- the right to have the jury consider evidence of voluntary intoxication when determining whether he acted "knowingly" and "purposefully" -- was not a fundamental principle of justice and the Montana statute, therefore, did not violate the Due Process Clause. Egelhoff, 518 U.S. at 43.

In his brief the petitioner places considerable weight on Justice Ginsburg's concurring opinion. Justice Ginsburg cast the deciding vote in Egelhoff. She joined in the judgment of the plurality, agreeing that for the defendant to prevail on his due process challenge he must demonstrate that a "fundamental principle of justice" had been violated. Id. at 58-9. She concluded that "defining mens rea to eliminate the exculpatory value of voluntary intoxication does not offend a fundamental principle

of justice." Id. She saw no constitutional infirmity in the Montana statute, and noted "it is within the legislature's province to instruct courts to treat a sober person and voluntary intoxicated person as equally responsible under the law..." Id. at 59.

We reject the petitioner's argument that States must redefine the criminal offense to eliminate the mens rea element for voluntarily intoxicated defendants. As Justice Ginsburg explained, it does not violate the Due Process Clause for States to enact "a measure less sweeping, one that retains a mens rea requirement, but "define[s] culpable mental state so as to give voluntary intoxication no exculpatory relevance." Id., at 60, n. 1 (citing Egelhoff, 518 U.S. at 73 (Souter, J., dissenting)).

Missouri treats voluntarily intoxicated individuals and sober individuals equally culpable for criminal activity. It accomplishes this by giving evidence of voluntary intoxication no relevance insofar as the mental elements of the crime are concerned. Because evidence of voluntary intoxication has no exculpatory relevance under Missouri law, a criminal defendant has no corresponding constitutional right to have the jury consider this evidence. Id. With respect to the petitioner's first claim, the judgment of the district court will be affirmed.

2. Did MAI-CR3d § 310.50 require the jury that convicted Gary to presume that he acted knowingly and after deliberation, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution?

In Jury Instruction No. 17 (patterned after MAI-CR3d § 310.50) the trial court instructed the jury as follows:

> The State must prove every element of the crime beyond a reasonable doubt. However, in determining the

defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct.

Gary, 913 S.W.2d at 828 (Mo. Ct. App. 1995). Petitioner challenged this instruction in the Missouri Court of Appeals, arguing that it "implicitly relieves the state of its burden of proving the element of intent in that it creates a presumption that an intoxicated person is guilty by stating that an intoxicated person is responsible." Id. at 829. The Court of Appeals rejected this claim on the basis that it lacked authority to invalidate pattern jury instructions that had been approved by the Missouri Supreme Court. Id. (citing State v. Bell, 906 S.W.2d 737, 739-40 (Mo. Ct. App. 1995)).

In State v. Roberts, 948 S.W.2d 577 (Mo. banc 1997), and State v. Taylor, 944 S.W.2d 925 (Mo. banc 1997), the Missouri Supreme Court rejected due process challenges to MAI-CR3d § 310.50 that are virtually indistinguishable from the challenge at hand. In Roberts the defendant argued that MAI-CR3d § 310.50 "directs the jury to assume that a voluntarily intoxicated person has the requisite mental state to commit the crime in question" and, in effect, "relieves the state of its burden of proving all of the requisite elements of the crime." Roberts, 948 S.W.2d at 590. The defendant in Taylor argued MAI-CR3d § 310.50 "unconstitutionally shifted the burden of proof" to the criminal defendant. State v. Taylor, 944 S.W.2d at 936.

In Taylor the Missouri Supreme Court concluded that MAI-CR3d § 310.50 did not violate the Due Process Clause, explaining that the "instruction explicitly directs the jury's attention to the state's burden to prove every element of the crime." Taylor,

944 S.W.2d at 936 (quoting State v. Bell, 906 S.W.2d 737, 740. The Missouri Supreme Court likewise upheld the constitutionality of MAI-CR3d § 310.50 in Roberts, and noted that similar language was upheld by the United States Supreme Court in Montana v. Egelhoff. Roberts, 948 S.W.2d at 590. We agree that MAI-CR3d § 310.50 does not violate the Due Process Clause.

The petitioner claims that the word "however" in the second sentence of the instruction "relieves the state of its burden of proving the element of intent . . . in that it creates a presumption that an intoxicated person is guilty by stating that an intoxicated person is responsible." Gary, 913 S.W.2d at 829. To support his claim the petitioner cites to Sandstrom v. Montana, 442 U.S. 510 (1979), Boyde v. California, 494 U.S. 370 (1990), and Brecht v. Abrahamson, 507 U.S. 619 (1993).

In both Sandstrom and Boyde State jury instructions were challenged under the Due Process Clause. The instruction addressed in Sandstrom stated: "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." Sandstrom, 442 U.S. at 513, 99 S.Ct. at 2453. The Supreme Court concluded that this instruction violated the Due Process Clause because it relieved the State of its burden to prove every fact necessary to constitute the crime the defendant was charged with beyond a reasonable doubt. Id., 442 U.S. at 521, 99 S.Ct. at 2458.

In Boyde a criminal defendant challenged a State-court jury instruction instruction which stated "you shall consider . . . [a]ny other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime." Boyde, 494 U.S. at 381, 110 S.Ct. at 1198. The defendant argued that the instruction

was ambiguous and, as a result, the jury failed to consider relevant and exculpatory evidence.  Id.  The Supreme Court held that for the defendant to prevail on his due process challenge, he must demonstrate there was "a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence."  Id. 494 U.S. at 380, 110 S.Ct. at 1198. Applying that standard, it concluded that the instruction in that case did not violate the Due Process Clause.  Id. 494 U.S. at 386, 110 S.Ct. at 1201.

Unlike the instruction in Sandstrom,, MAI-CR3d § 310.50 does not obviate the State's burden to prove the elements of the offense beyond a reasonable doubt.  To the contrary, the burden is clearly stated in the instruction.  Furthermore, the District Court explained that the verdict directors given the jury clearly set out every element of the offense the State was required to prove.

We likewise reject the petitioner's claim the State court acted contrary to, or unreasonably applied, Boyde.  The word "however" in MAI-CR3d § 310.50 does not create a reasonable likelihood that the jury applied the instruction in a manner that relived the State of its burden to prove that petitioner acted knowingly and after deliberation.  As the district court explained, the jury is simply reminded that evidence of voluntary intoxication is not relevant to determining the mens rea elements of the offense.  With respect to the petitioner's second claim, the judgment of the district court will be affirmed.

## III. CONCLUSION

The petitioner has not established that he is entitled to federal habeas relief. Accordingly, the district court's judgment denying the petition and amended petition for writ of habeas corpus is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT