# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2199

_____

| | | |
|---|---|---|
| Dameion Robinson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| David Crist, Warden, | * | |
| MCF – Stillwater, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 15, 2001

Filed: January 30, 2002

_____

Before BYE, and BEAM, Circuit Judges, and GOLDBERG,[1] Judge.

_____

BEAM, Circuit Judge.

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Dameion Robinson appeals the district court's[2] denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

## I.    BACKGROUND

In the early morning hours of August 24, 1997, Robinson shot and killed a crack cocaine dealer named Derangle "Dino" Riley. The evening before the murder, there was a gathering at the house of Saint Slaughter. Riley, Robinson, and several other people were present. Robinson was seen with a pearl-handled .25 caliber weapon at the residence. Several witnesses saw Robinson attempt to buy drugs from Riley, and shortly before the murder, he was seen getting into the front seat of Riley's car and the two drove off together. Robinson returned to Slaughter's house alone and Robinson and his brother again left the party a short time later. The next morning, on August 24, Riley's body was found by Slaughter in a car behind a church in Minneapolis.

Later that same day, Robinson was going to sell the pearl-handled .25 caliber gun to three men, but apparently changed his mind and instead robbed them with the weapon. Two of the three robbery victims were shot by Robinson during the course of the crime, and it was later determined that these bullets were from the same gun used to kill Riley.

At trial, Robinson's defense was that another person, likely Slaughter, had committed the murder and the robbery. Robinson's girlfriend testified at trial that Robinson had been with her during the time the robbery was committed. However, Robinson was identified by the victims as the perpetrator of the robbery. Robinson

---

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of United States Chief Magistrate Judge Franklin L. Noel.

did not testify at trial, and during closing arguments, the prosecutor made the following remark concerning whether Robinson had hid the gun following the murder, and before the robbery:

> So [Robinson] goes someplace else, someplace we'll never know, someplace that he knows, someplace that [his brother] knows, but he goes someplace else and . . . then he has an opportunity to remove that weapon . . . .

Defense counsel did not object to this portion of closing argument, and Robinson now claims this argument violated his Fifth Amendment right to remain silent.

Robinson was convicted and sentenced to life imprisonment. The Minnesota Supreme Court affirmed on direct appeal, and although several instances of alleged improper prosecutorial arguments are discussed and disposed of by the Minnesota Supreme Court, the court did not specifically discuss Robinson's current Fifth Amendment claim regarding the above-quoted argument. State v. Robinson, 604 N.W.2d 355, 361-63 (Minn. 2000).

Robinson brought a timely petition for habeas corpus, alleging he was denied his constitutional right to a fair trial because of several allegedly improper remarks made by the prosecutor during closing arguments. In the Report and Recommendation, the magistrate judge recommended that relief be denied. Robinson filed objections to the Report and Recommendation, and the district court ultimately denied relief. The district court granted Robinson a certificate of appealability only on the issue of whether the prosecutor improperly commented on his silence in the above-quoted passage during closing argument.[3]

---

[3]The broader issue, argued and briefed by the parties, of whether the prosecution impermissibly shifted the burden of proof to Robinson by commenting on his failure to call certain witnesses, is beyond the scope of the certificate of

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) mandates that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

As the magistrate judge noted, the Minnesota Supreme Court apparently did not adjudicate the precise issue before us today–whether the prosecutor improperly commented on Robinson's silence at trial in contravention of the Fifth Amendment. The magistrate judge also pointed out that the state conceded exhaustion, thereby waiving the defense that Robinson's claim was procedurally defaulted.  While an exhaustion concession does not necessarily constitute a procedural default waiver, see Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994) (after state's waiver of exhaustion defense is accepted by the district court, procedural default issue can be addressed), we agree with the district court that because the state failed to advance a procedural default argument, such argument is waived.  Ford v. Norris, 67 F.3d 162, 165 (8th Cir. 1995) (state waived argument that Batson issue was procedurally defaulted by not raising it in the district court); Lawrence v. Armontrout, 31 F.3d 662, 666 (8th Cir. 1994) (same); Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991) (same).

The Minnesota court's failure to adjudicate this claim on the merits, raises an interesting question on the nature of this court's review.  See 28 U.S.C. § 2254(d) (applies to petitions for habeas corpus which were *adjudicated on the merits* in state court proceedings).  Because this claim apparently was not adjudicated by the

appealability.

-4-

Minnesota court, we likely should apply the pre-AEDPA standard of review. Cf. Gary v. Dormire, 256 F.3d 753, 756 n.1 (8th Cir. 2001) (noting that a claim not presented in state court is not adjudicated on the merits for purposes of § 2254(d)). In Gary the district court applied the post-AEDPA standard to the petitioner's claims, even though they were not adjudicated on the merits in the state court proceeding. We speculated on the appropriateness of that standard by ultimately holding that "[w]e need not determine whether the district court applied the appropriate standard of review . . . . [because] petitioner has not demonstrated that he is entitled to habeas relief under either § 2254(d) or under the more liberal pre-AEDPA standard of review." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001) (assuming the claim was not adjudicated on the merits in state court, pre-AEDPA standard of reviewing mixed questions of law and fact de novo applied)).

A similar rationale guides us here because Robinson cannot demonstrate he is entitled to relief even under the more liberal pre-AEDPA standard of review for prosecutorial misconduct claims. Under this standard, Robinson must demonstrate a "reasonable probability that the error complained of affected the outcome of the trial," or that the verdict likely would have been different absent the now-challenged closing argument. Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc).

A prosecutor may not directly comment on the defendant's failure to testify. Griffin v. California, 380 U.S. 609, 615 (1965). Further, "[i]ndirect comments constitute a constitutional violation if they manifest the prosecutor's intent to call attention to a defendant's failure to testify or would be naturally and necessarily taken by a jury as a comment on the defendant's failure to testify." Graham v. Dormire, 212 F.3d 437, 439 (8th Cir. 2000). Finally, on a habeas petition, we review any improper reference to determine if it had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

Here, the challenged comments were not a direct comment on the failure to testify, and therefore must be examined under the test set forth in Graham. 212 F.3d at 439. The prosecutor's comments cannot realistically be characterized as an intention to call attention to the defendant's failure to testify. Although the prosecutor probably should have stopped after saying "someplace we'll never know" and not said "someplace that he knows," it appears the prosecution meant to draw attention to its theory that the defendant hid the murder weapon rather than the fact that Robinson did not testify. Nor would this comment necessarily be taken by the jury as a comment on Robinson's failure to testify. As the magistrate judge observed, the jury was instructed that Robinson had the privilege not to testify. While a direct comment on the failure to testify, and even a more blatant indirect comment could not be cured by the standard privilege instruction, here, where the argument in favor of finding a constitutional violation is tenuous at best, the instruction is an additional safeguard. Thus, the comments in question were likely viewed by the jury as being directed at gleaning inferences as to Robinson's whereabouts and control of the gun on the night of the murder, rather than a comment on his failure to testify.

Nor, in our view, did the prosecutor's argument have a substantial and injurious effect on the jury's verdict. See Brecht, 507 U.S. at 637. We agree with the Minnesota Supreme Court and the district court that the totality of the circumstantial evidence against Robinson was appreciable. It is therefore unlikely that the prosecutor's isolated comment at issue here had any substantial and injurious effect on the jury's ultimate decision to convict Robinson.

## III.   CONCLUSION

Even under the pre-AEDPA standard, Robinson cannot demonstrate that the outcome of the trial likely would have been different absent the challenged argument. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.