# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1171

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Steven Loren Scott, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted:  September 10, 2003
Filed:  November 7, 2003

_____

Before MELLOY, LAY, and SMITH, Circuit Judges.
_____

MELLOY, Circuit Judge.

Steven Loren Scott ("Scott") appeals the district court's[1] refusal to allow a voluntary intoxication jury instruction.  We affirm.

While serving a sentence at the United States Medical Center for Federal Prisoners in Springfield, Missouri, Scott hit a fellow inmate in the upper chest area with a sharp metal object.  At the time of the assault, Scott was being treated with

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Interferon, a drug used to treat hepatitis patients. Scott was indicted with intent to murder a fellow inmate in violation of 18 U.S.C. §§ 7(3) and 113(a)(1) (2000). During trial, the jury heard several witnesses testify to Scott's Interferon treatment and the various side effects associated with the drug. The trial court agreed to submit an instruction on the lesser-included offense of assault with a dangerous weapon with the intent to do bodily harm. 18 U.S.C. § 113(a)(3). However, it refused Scott's proposed jury instruction on voluntary intoxication which related specifically to the attempted murder charge. No other voluntary intoxication instructions were requested. The jury did not find Scott guilty of intent to murder, but did find him guilty of the lesser-included offense. On appeal, Scott argues that because the trial court admitted evidence relating to his intoxication by prescription medication and its effect on his ability to form specific intent, a voluntary intoxication instruction was required.

We review the trial court's decision for plain error as opposed to abuse of discretion because Scott failed to propose a voluntary intoxication instruction directly related to the lesser-included offense of which he was convicted. Lampkins v. Thompson, 337 F.3d 1009, 1014 (8th Cir. 2003) ("absent plain error, appellants must raise specific objections to the form or content of jury instructions...in order to preserve such matters for appeal.") (quoting Horstmyer v. Black & Decker, (U.S.), Inc., 151 F.3d 765, 770 (8th Cir. 1998)). In this instance, the trial court did not commit plain error. Plain error review results in reversal only in rare circumstances in which proceedings are so flawed that the integrity of the judicial system is undermined and the error causes prejudice to a party's substantial rights. See United States v. Hatcher, 323 F.3d 666, 671 (8th Cir. 2003); United States v. Yellow Hawk, 276 F.3d 953, 955 (8th Cir. 2002).

Scott contends that his due process rights were violated because there was no distinction in the jury instructions between specific and general intent offenses, and because the jury was not informed on how to apply the voluntary intoxication defense

to these offenses.  The Supreme Court's holding in <u>Egelhoff v. Montana</u>, 518 U.S. 37 (1996) undermines Scott's due process argument.  <u>Egelhoff</u> states that the due process clause does not require a jury to consider evidence of voluntary intoxication in determining whether a defendant possessed the mental state required for conviction. <u>Id.</u> at 56.  This holding was later incorporated by the Eighth Circuit in <u>Gary v. Dormire</u>, 256 F.3d 753, 759 (8th Cir. 2001), holding that a Missouri statute which stated that voluntary intoxication is irrelevant to a defendant's mental state, does not violate due process.

Scott successfully avoided conviction on the more serious offense charged against him.  It is unclear whether Scott made a tactical decision not to seek the voluntary intoxication instruction in order to make the lesser-included offense a more attractive option to the jury, or whether it was mere oversight.  In either case, it was not clear error for the trial judge not to instruct the jury on that defense.

Accordingly, we affirm.

_____