# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3597

_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Simmons

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 8, 2013
Filed: June 28, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Simmons appeals his conviction and sentence of 87 months' imprisonment, claiming that the district court[1] erred in allowing the government to

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Court for the Eastern District of Missouri.

comment on his decision not testify at trial and by failing to fully consider the 18 U.S.C. § 3553(a) sentencing factors. We affirm.

## I. BACKGROUND

A grand jury indicted Simmons on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At trial, the government called several witnesses during its case-in-chief. During closing argument, the government made numerous comments indicating that the evidence was uncontroverted. For example, prior to summarizing the evidence in the case, the government stated the following:

> In this case you know all the facts. In this case you know that Mr. Simmons had the gun, you know why it was where it was. You know it was in the car. And those facts are uncontroverted. If I can go through all of these facts, and, if I can, I'm going to call them uncontroverted, because there's not one shred of evidence that is opposing these facts; that is, witnesses testified about these things. There's not any testimony opposing any of these facts at all.

In summarizing the testimony of Lakeisha Lee–which tended to establish Simmons' possession of the firearm–the government noted, "There's no evidence to suggest that that's not true. That is, again, uncontroverted evidence." And, when the government recounted the testimony of the officers to whom Simmons confessed, the government highlighted that "you basically don't have . . . anything more than the uncontroverted evidence of the gun being found and Mr. Simmons saying it's my gun."

Eventually, the jury found Simmons guilty of being a felon in possession of a firearm. At the sentencing hearing, the district court computed an advisory Guidelines range of 70 to 87 months' imprisonment. Given Simmons' lengthy criminal history, the government requested that the district court either depart or vary

upward from the Guidelines range, seeking a sentence of 120 months' imprisonment. The district court denied the government's requested departure or variance and imposed a sentence of 87 months' imprisonment. In imposing a sentence at the top of the Guidelines range, the district court reviewed Simmons' lengthy criminal history and noted, "I'm not willing to go lower . . . . I mean, it's strictly because of your criminal history. There's too much . . . . [Y]ou've been in trouble all your adult life." Simmons appeals.

## II. DISCUSSION

Simmons contends that the district court erred by allowing the government to comment on his failure to testify. According to Simmons, the government violated his Fifth Amendment privilege against self-incrimination, when, during closing argument, the government "stated several times that the evidence [was] 'uncontroverted.'" In Simmons' view, this inappropriately highlighted that he chose not to testify, as he alone had the information to rebut testimony provided by government witnesses. Simmons acknowledges that he did not object to the government's alleged misconduct or move for mistrial, but he nonetheless asserts that the district court abused its discretion by not sua sponte declaring a mistrial or providing a curative instruction. Having failed to timely assert this Fifth Amendment challenge before the district court, we cannot agree with Simmons that anything other than plain error review applies. United States v. Thornberg, 676 F.3d 703, 706 (8th Cir. 2012), cert. denied, 133 S. Ct. 1654 (2013).

Under the Fifth Amendment, indirect comments concerning a defendant's decision not to testify can rise to the level of a constitutional violation if the comments either "(1) manifest the prosecutor's intention to call attention to the defendant's failure to testify, or (2) are such that the jury would naturally and necessarily understand the comments as highlighting the defendant's failure to testify." Herrin v. United States, 349 F.3d 544, 546 (8th Cir. 2003). We must,

however, review the comments within their specific context and will reverse only if the defendant can establish that "the comments were improper and that they resulted in prejudice." Id.

After examining the government's indirect comments in context, we conclude no error occurred, much less plain error. To be sure, we think the government's comments were meant to bolster its own evidence and explain that its witnesses testified consistently and credibly. See United States v. Moore, 129 F.3d 989, 993 (8th Cir. 1997) (concluding, "[s]tatements that the government's evidence was 'uncontradicted' were simply in reference to the strength and clarity of the government's evidence presented at trial").[2] Additionally, from these relatively innocuous comments, the jury would not naturally and necessarily draw the inference that the comments highlighted Simmons' failure to testify. Indeed, the comments were not even sufficiently offensive to warrant an objection by Simmons' counsel. Finally, where "the argument in favor of finding a constitutional violation is tenuous at best, [a standard privilege] instruction is an additional safeguard"–as was given here. Robinson v. Crist, 278 F.3d 862, 866 (8th Cir. 2002). Therefore, we perceive no plain error under the Fifth Amendment.

---

[2]Notwithstanding our conclusion, the government "may not comment on a defendant's failure to present evidence to contradict the government's case if the defendant alone had the information to do so." United States v. Sandstrom, 594 F.3d 634, 662-63 (8th Cir. 2010) (quotation and emphasis omitted). At trial, Simmons attempted to establish that the firearm belonged to Jerome Bridges, a passenger in the car at the time Simmons was stopped. Thus, by Simmons' own assertion, Jerome Bridges allegedly had information to rebut the government's evidence. Accordingly, the present case lies in contrast to United States v. Triplett, where the government commented that the jury "never heard evidence that the defendant didn't know that he possessed the drugs," because with such a comment, "only [the defendant] could deny his own knowledge that he possessed the drugs." 195 F.3d 990, 995 (8th Cir. 1999) (quotation and emphasis omitted).

Next, Simmons challenges his sentence on appeal. "We initially review a sentence for significant procedural error and then, if necessary, for substantive reasonableness." United States v. David, 682 F.3d at 1074, 1076 (8th Cir. 2012). Relevant here, significant procedural error occurs when the district court fails to consider the § 3553(a) factors or fails to adequately explain a sentence. United States v. Nissen, 666 F.3d 486, 490 (8th Cir. 2012). After reviewing a sentence for procedural error, we review for substantive reasonableness, taking into account the totality of the circumstances. United States v. Mabery, 686 F.3d 591, 598 (8th Cir. 2012). "If a sentence is within the properly calculated Guidelines range, we presume it is substantively reasonable." United States v. Hoffman, 707 F.3d 929, 936 (8th Cir. 2013).

Simmons makes the over-arching argument that the district court imposed an unreasonable sentence, because it did not fully consider the § 3553(a) factors. We read Simmons' brief to challenge his sentence on both procedural and substantive grounds, but he does not clearly make this distinction. To the extent Simmons claims the district court committed procedural error, we review for plain error as he did not make this objection below. United States v. Wohlman, 651 F.3d 878, 883-84 (8th Cir. 2011). However, we review the substantive reasonableness of his sentence for an abuse of discretion regardless of whether the issue was raised below. United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010).

Simmons complains that the district court did not apply the § 3553(a) sentencing factors and placed too much emphasis on his criminal history. "[T]here is no requirement that the district court recite every section 3553(a) factor." United States v. Bryant, 606 F.3d 912, 919 (8th Cir. 2010). And, here, "[a]lthough the district court did not recite every section 3553(a) factor, the court did refer to section 3553(a) and specifically accounted for the sentencing objectives of just punishment, general deterrence and incapacitation, all of which are considerations under section 3553(a)." Id. (internal quotation omitted). Moreover, the district court considered

the specific characteristics and history of Simmons, namely his extensive criminal history. See 18 U.S.C. § 3553(a)(1). Therefore, because the district court considered the § 3553(a) factors and provided a meaningful explanation of those factors, no procedural error occurred, and we conclude the district court did not abuse its discretion by imposing a within-Guidelines sentence after adequately evaluating the § 3553(a) sentencing factors.

## III.   CONCLUSION

We affirm.

_____