consider en banc whether the pre-AEDPA standard of review should be applicable to state court decisions that do not mention or address federal claims at all. *See Norde v. Keane*, --- F.3d ----, No. 01-2049, 2002 WL 483488, at *7-*8 (2d Cir. Mar. 29, 2002) (when state court failed to indicate it had considered federal constitutional claims, the claims were not adjudicated on the merits, and federal court should review de novo); *Greene v. Lambert*, --- F.3d ----, No. 01-35595, 2002 WL 453215, at *6 (9th Cir. Mar. 26, 2002) ("If there is no such decision on the merits [explaining reason for decision of federal claim], . . . there is nothing to which to defer."); *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002) (suggesting that federal courts "likely should apply the pre-AEDPA standard of review" when state courts fail to adjudicate claims on the merits); *Fortini v. Murphy*, 257 F.3d 39, 47 (1st Cir. 2001) ("[W]e can hardly defer to the state court on an issue that the state court did not address."), *cert. denied*, --- U.S. ----, 2002 WL 417158 (U.S. Apr. 22, 2002) (No. 01-1309); *Romine v. Head*, 253 F.3d 1349, 1365 (11th Cir. 2001) ("[W]hen there is grave doubt about whether the state court applied the correct rule of governing federal law [because state court did not refer to federal law], § 2254(d)(1) does not apply."), *cert. denied*, --- U.S. ----, 2002 WL 549787 (U.S. Apr. 15, 2002) (No. 01-798); *Hameen v. Delaware*, 212 F.3d 226, 248 (3d Cir. 2000) (holding that the "exercise [of] pre-AEDPA independent judgment" is appropriate when a defendant presents a state court with the opportunity to decide a federal constitutional claim and the court does not do so), *cert. denied*, 532 U.S. 924 (2001); *Mueller v. Angelone*, 181 F.3d 557, 570 n.9 (4th Cir.) ("[A] claim that was *not* adjudicated on the merits, even in a summary fashion, and which is not procedurally defaulted, would seem to fall outside the new section 2254(d) and its limitations on the scope of the habeas remedy."), *cert. denied*, 527 U.S. 1065 (1999); *Mercadel v. Cain*, 179 F.3d 271, 274-75 (5th Cir. 1999) (holding "that the AEDPA deference scheme . . . does not apply" when a state court denies relief through a one-word order that is likely based on procedural grounds).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0167P (6th Cir.)
File Name: 02a0167p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

EARNEST SCHOENBERGER, SR.,

　　　*Petitioner-Appellant,*

　　　*v.*

HARRY RUSSELL, Warden,
　　　*Respondent-Appellee.*

No. 00-3490

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00319—George C. Smith, District Judge.

Argued: November 1, 2001

Decided and Filed: May 9, 2002

Before: KEITH, NORRIS, and MOORE, Circuit Judges.

---

## COUNSEL

**ARGUED:** David Hanson, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** David Hanson, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellant.

Thelma Thomas Price, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

NORRIS, J., delivered the opinion of the court. KEITH (pp. 10-17), and MOORE (pp. 18-20), JJ., delivered separate concurring opinions.

———————————

**OPINION**

———————————

ALAN E. NORRIS, Circuit Judge. Petitioner Earnest Schoenberger, Sr. appeals the district court's denial of a writ of habeas corpus, 28 U.S.C. § 2254. An Ohio jury convicted petitioner of two counts of gross sexual imposition and two counts of rape. Petitioner presents three issues in this appeal: whether the admission of testimony by three witnesses concerning the veracity of the victims violated due process; whether the introduction of evidence concerning petitioner's prior involvement in incidents of alcohol abuse and domestic violence violated due process; and whether he was denied effective assistance of counsel.

For the reasons discussed below, we affirm the denial of the writ.

**I.**

The district court opinion provides a succinct summary of the facts of this case:

Earnest Schoenberger, Sr. stands convicted for having sexual contact with his stepdaughters Tracy and Teresa Fraker when they were less than thirteen years old and with compelling them by force or threat of force to have sexual contact with him. Those convictions are based on the testimony of Tracy and Teresa Fraker. There is no physical evidence and no testimony of eyewitnesses.

explicit rejection of a federal claim in another case. The fact that in *Harris* we focused instead on the result of the state court decision necessarily controlled our analysis in *Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001), where the habeas petitioner argued that his right to a fair trial had been violated because the jury had considered evidence not presented at trial. *Id.* at 729-30. Instead of addressing this argument, the state court relied on a state evidentiary rule that required outside evidence of juror misconduct. *Id.* at 730. On habeas, we noted that "the Ohio Court of Appeals did not even identify in its opinion that Doan had a federal constitutional right to a fair and impartial jury that considers in its deliberations only the evidence presented against him at trial." *Id.* We then held that the "contrary to" rather than the "unreasonable application" prong of § 2254(d)(1) should govern because the state court "did not, as the Supreme Court defined an unreasonable application, correctly identify the governing legal principle only to unreasonably apply that principle to the particular facts of the case at hand." *Id.*

A sister circuit has since pointed out that our view of § 2254's unreasonable application prong in *Doan* is in tension with our conclusion in *Harris*, where we held that the state court had not erred under AEDPA. *Sellan v. Kuhlman*, 261 F.3d 303, 313 n.5 (2d Cir. 2001). As quoted above, however, *Harris* denied habeas relief because the Supreme Court had not clearly established a defendant's right to a free copy of a transcript of his co-defendants' previous trial for the impeachment of witnesses in the defendant's trial. *Harris*, 212 F.3d at 945. In contrast, the defendant in *Doan* had a clearly established Sixth Amendment right to a fair and impartial jury. Therefore, the language in *Harris* about the state court's unreasonable application of federal law was dicta, and *Doan*'s "contrary to" analysis controls.

Under *Harris* and *Doan*, then, we must defer to state court decisions that do not address federal claims, but only if their results are not contrary to clearly established Supreme Court precedent. Given developments in our sister circuits, however, I agree with Judge Keith that we may wish to

---

## CONCURRENCE

---

KAREN NELSON MOORE, Circuit Judge, concurring. I concur in the majority's judgment, but I write separately to address the standard of review that governs our consideration of this appeal.

As Judge Keith correctly observes, we have not directly analyzed AEDPA's requirement that a state court adjudicate federal claims "on the merits" in order to warrant our deference. 28 U.S.C. § 2254(d). However, in *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001), we specifically held that the result of a state court's decision controls when the state court fails to explain its reasoning; we stated that we could not "grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.* at 943.

In *Harris*, the habeas petitioner claimed that the trial court had violated his due process rights by denying his request for the transcript of his co-defendants' earlier trial. *Harris*, 212 F.3d at 941-42. No state court addressed Harris's due process claim. *Id.* at 943. We ultimately held:

[T]he result of the decision of the Michigan Court of Appeals to affirm petitioner's conviction was not an unreasonable application of clearly established federal law as determined by the Supreme Court because the Supreme Court precedent on [a defendant's right to a free copy of a transcript of his co-defendants' previous trial to use for the impeachment of witnesses] was not clearly established.

*Id.* at 945.

The *Harris* court could have distinguished the state court's apparent failure to address the federal due process claim at all in that case from a state court's mere failure to explain the

Schoenberger denied having sexual contact with Tracy and Teresa Fraker. He attributed their accusations to their drug use, juvenile offenses, and desire to get back at him for imposing and enforcing parental rules for their conduct. Mrs. Patricia Schoenberger, Petitioner's wife and the mother of Tracy and Teresa, supported her husband's testimony.

*Schoenberger v. Russell*, No. C-2-99-319, slip op. at 1 (S.D. Ohio March 29, 2000).

Two of petitioner's three issues concern the testimony of three witnesses: Donna Bukovec, Nancy Nicolosi, and Sheryl Smith.

Donna Bukovec, a social worker with the Delaware County, Ohio Department of Human Services, testified concerning two complaints alleging sexual abuse of Tracy and Teresa by defendant. According to Bukovec, the first complaint was made in 1984, and in her interviews with Tracy and Teresa both girls denied that the charges were true. She determined the charges were "unsubstantiated" at that time because she "did not have enough evidence or history from the girls to substantiate physical abuse or sexual abuse." The second complaint was received in 1985, and Bukovec testified that this complaint was substantiated with respect to Tracy because "there was evidence and history given that would substantiate the fact of sexual abuse . . . ."

On cross examination, defense counsel questioned Bukovec concerning the grounds on which the 1985 complaint was substantiated and elicited the fact that, in her interviews with Tracy and Teresa in 1985, Tracy stated that the allegations were true, whereas Teresa continued to deny them. Defense counsel then questioned Bukovec concerning whether she had investigated Tracy's background, in particular her use of drugs and alcohol. Finally, counsel elicited testimony that Bukovec's substantiation of Tracy's claims was "primarily" based on Tracy's statements to her. Defense counsel then asked Bukovec if people who have taken drugs can

"hallucinate" or "lie about things that are happening that aren't really happening," and Bukovec responded "I suppose."

On redirect, the government established that Bukovec was an experienced investigator, and that part of her investigations involved assessing the truthfulness of statements by sexual abuse victims. Bukovec then stated that she believed Tracy was telling her the truth about the abuse.

Nancy Nicolosi is a probation/diversion counselor at the Delaware County Juvenile Court who specializes in physical and sexual abuse cases. On direct examination, Nicolosi described the "classic profile" of female sexual abuse victims. During cross-examination by defense counsel, Nicolosi stated that she believed Tracy when Tracy told her she had been abused. Nicolosi also told defense counsel that she did not credit Teresa's denial of abuse because she believed Tracy when Tracy told her Teresa had also been abused.

Sheryl Smith is a former investigator for the Delaware County Department of Children's Services. She first interviewed Tracy and Teresa Fraker in July 1988 concerning a complaint alleging sexual abuse by petitioner. In direct examination, Smith described the interview process in sexual abuse cases and specific things that she looks for to determine if abuse occurred. The prosecutor asked Smith if she believed Tracy was telling her the truth concerning the abuse, and Smith testified that she thought Tracy was telling the truth because Tracy had nothing to gain from lying.

Defense counsel did not object to any of the testimony of these three prosecution witnesses.

## II.

This court reviews a district court's legal conclusions in a habeas proceeding de novo and its factual findings for clear error. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir. 1999). Petitioner initiated this habeas action on March 31, 1999 and, therefore, this court's review of the state court's proceedings is governed by the standards set forth in the Antiterrorism and

either because of default or an independent and adequate state ground that makes adjudication of the federal claim unnecessary, and (3) whether the state courts simply overlooked a claim.[7] Whether a claim was disposed of based on its substance or because of procedural reasons can be adequately determined by the test outlined by the Fifth Circuit. *See Green*, 116 F.3d at 1121.

We have repeatedly held that one panel of this Court cannot overturn a decision of another panel; only the Court sitting en banc may do so. *See e.g. United States v. Smith*, 73 F.3d 1414, 1419 (6th Cir. 1996). Therefore, although I agree with the majority that we should apply § 2254(d)(1) to petitioner's due process claims, I write separately to express my disagreement with *Doan.* The better approach, in my view, is the Fifth Circuit's test that distinguishes between decisions disposing of a federal claim based on substantive or procedural grounds. Where a decision is on procedural grounds, de novo review of a properly raised federal habeas claim is appropriate, so long as independent and adequate state grounds do not otherwise decide the case.

---

[7] This was the situation presented to the Third Circuit in *Hammen. See Hammen*, 212 F.3d at 247-248.

de novo review" of the federal claims because they were not exhausted.).

While our sister circuits apply "§ 2254(d)(1)-type deference"[6] when a state court decides a petitioner's federal claims, no matter how cursory the reasoning, we are the only Court that applies this section even when the state court does not decide the merits of such a claim. *See Doan*, 237 F.3d at 730-731. I believe that *Doan* was wrongly decided because in determining whether § 2254(d)(1) could coherently be applied to a situation like the present one, the panel in *Doan* overlooked that § 2254(d) first requires that a claim be "adjudicated on the merits ." Simply stated, any ordinary reading of the phrase "adjudicated on the merits" presupposes a state court decision that actually decides a petitioner's federal claim. "Adjudication on the merits" has a clear meaning: "a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Sellan*, 261 F.3d at 311. When a state court does not decide a federal claim, either because it overlooks it or finds procedural bars to reviewing the claim, there is no "decision finally resolving the parties' claims."

In a case like the present one, we should look for three things: (1) whether the claim was disposed of substantively – *i.e.* on the merits, (2) whether it was disposed of procedurally,

---

[6]I use the term "§ 2254(d)(1)-type deference" because of the ambiguity in how circuits apply this section when a state court decision only briefly mentions the federal claim with little or no reasoning. *See e.g. Harris*, 212 F.3d at 943 (stating that a federal court should conduct an independent review of a petitioner's federal claims if the state court's grounds for disposing of the claim are not apparent. "[T]he independent review, however, is not a full, de novo review of the claims. . ."). An independent review that gives full § 2254(d)(1) deference to any possible grounds for affirming the state court would also seem unwarranted as a federal court would then be granting extreme deference not only to the grounds that the state court actually relied on, but all grounds that they could have relied on, no matter if that state court system had already rejected certain of those grounds.

Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997). Pursuant to AEDPA, a writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that the "contrary to" language of AEDPA is implicated "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. Furthermore, a decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The Court cautioned that the term "unreasonable" is not synonymous with "incorrect." Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the correct inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. With these standards in mind, we turn to consideration of petitioner's individual claims.

## A. Witness Testimony

As noted above, trial counsel for petitioner failed to object to the testimony of Bukovec, Nicolosi, or Smith. As a result,

the Ohio Court of Appeals applied a plain error standard in its determination that the admission of the testimony did not prejudice petitioner. *State v. Schoenberger*, No. 89-CA-13, 1998 WL 515899, at *2 (Ohio App. Jan 13, 1998). Although petitioner raised a claim that admission of this testimony violated both due process and his right to a fair trial, the Ohio court of appeals did not directly address these constitutional issues. In the absence of a state court decision, we conduct an independent review of federal law to determine if the state court either contravened or unreasonably applied clearly established federal law. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "That independent review, however, is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.* (footnote omitted). Accordingly, under the deferential standards articulated above, the question we address is whether the state court's failure to find plain error violated petitioner's constitutional rights.

With respect to the testimony of Bukovec and Nicolosi, the Ohio court of appeals applied Ohio's version of what is known as the "invited response" doctrine: "It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make." *Schoenberger*, 1998 WL 515899, at *2 (internal citations omitted). The court concluded that, in both cases, the witnesses' statements concerning the veracity of the victims was invited by defense counsel's own questioning which was intended to attack both the credibility of the victims and the witnesses. *Id.* In addition, the court determined that defense counsel's attack on the credibility of Bukovec and Nicolosi adequately defused any prejudice that their statements might have had. *Id.* at *3.

With respect to Smith's testimony, the court held that, although its admission may have violated the Ohio Rules of Evidence because the statements were elicited on direct rather than cross-examination, "the initial broaching of this avenue of questioning by the defense opened the door for the state to

The Fifth Circuit has set forth a test to determine whether a state court decision "adjudicates" a federal claim on the merits for purposes of § 2254(d). *See Green v. Johnson*, 116 F.3d 1115 (5th Cir. 1997). The Fifth Circuit looks to whether a state court decision disposes of a claim substantively or procedurally. *Id.* at 1121. When a claim is disposed of substantively it is adjudicated on the merits. *Id.* When it is disposed of procedurally, it is not. *Id.* In determining whether a disposition is substantive or procedural, the Fifth Circuit looks to three factors:

(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination of the merits.

*Id.* The Second Circuit has also adopted this test. *See Sellan*, 261 F.3d at 314.

Moreover, the First and Tenth Circuits have explicitly held that when a properly raised federal claim is not adjudicated on the merits, the federal court should review the claim under the pre-AEDPA de novo standard of review. *See Dibenedetto*, 272 F.3d at 7 ("[f]aced with state court opinions that do not decide constitutional claims raised by the defendant, [our precedent] requires that federal courts apply de novo review to the federal constitutional claims raised in habeas petitions."); *Lafevers,* 182 F.3d at 711 ("If the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law *de novo* and its findings of fact, if any, for clear error."). The Third and Fifth Circuits have hinted that they would follow the same course. *See Hameen*, 212 F.3d at 248 (applying "pre-AEDPA independent judgement" to a federal claim not adjudicated by the state court); *Mercadel*, 179 F.3d at 275 (although acknowledging that the state courts did not consider the federal claims, stating that it could "not proceed directly to a

the adjudication of federal constitutional rights, but this would also place us in the position of dictating to state courts that they must issue opinions explicitly addressing the issues presented or else face 'second guessing' by the federal courts.

*Sellan,* 261 F.3d at 312 (quoting *Capellan v. Riley,* 975 F.2d 67, 72 (2d Cir. 1992)).

Second, a few of these circuits, and others, have also discussed the applicability of § 2254(d) where the state court has made no decision at all, even cursory, on a petitioner's federal claims. *See Dibenedetto v. Hall*, 272 F.3d 1 (1st Cir. 2001); *Sellan*, 261 F.3d at 309-313; *Hameen v. Delaware,* 212 F.3d 226 (3rd Cir. 2000); *Mercadel v. Cain*, 179 F.3d 271 (5th Cir. 1999); *Lafevers v. Gibson*, 182 F.3d 705 (10th Cir. 1999). Uniformly, these circuits hold that when the state courts never make a decision on a federal claim, the federal claim has not been "adjudicated on the merits" for purposes of § 2254(d). *See Dibenedetto*, 272 F.3d at 6 ("[if] the state court has not decided the federal constitutional claim (even by reference to state court decisions dealing with federal constitutional issues), then we cannot say that the constitutional claim was 'adjudicated on the merits' within the meaning of § 2254 and therefore entitled to the deferential review prescribed in subsection (d)."); *Sellan,* 261 F.3d at 313 (adopting the Fifth Circuit test to determine whether a claim has been dispensed of substantively and, therefore, "adjudicated on the merits".); *Hameen*, 212 F.3d at 248 (recognizing that because the state courts only discussed state law, petitioner's federal claims were not "adjudicated on the merits"); *Mercadel*, 179 F.3d at 274-275 (holding that the one word denial of petitioner's claim was not an "adjudication on the merits".); *Lafevers*, 182 F.3d at 711 ("[i]f the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law *de novo. . . .*").

address these issues on direct rather than on cross-examination." *Id. *3. Therefore, the court concluded that the error of admitting Smith's testimony was not of "such magnitude to warrant reversal in light of the error having been created by the defense." *Id.* at *4.

"[E]rrors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding." *Seymour v. Walker*, 224 F.3d 542, (6th Cir. 2000) (internal quotations and citations omitted). Applying the AEDPA standard in this context, we cannot say that the Ohio court of appeals' determination contravenes clearly established federal law.

Counsel's trial strategy appears to have involved obtaining from these witnesses their admissions that: (1) their assessment of the truth of the victims' allegations was based almost solely on the statements of Tracy Fraker; (2) they had failed to conduct a sufficient review of Tracy's background, in particular her history of drug and alcohol abuse; (3) abusers of drugs and alcohol are known to lie; and (4) the witnesses either had experience with, or were aware of, cases where children have lied about sexual abuse. These admissions would permit petitioner's counsel to argue that the conclusions of these witnesses were unreliable because they were based primarily on Tracy's statements. Counsel's failure to object was consistent with this strategy. Given this strategy, we cannot say that the Ohio court of appeals decision was either contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts.

### B.    Alcohol Abuse and Domestic Violence Evidence

Petitioner's second claim is that he was denied due process by the introduction of evidence concerning his alcohol abuse and a prior act of domestic violence. He points specifically to repeated statements by his wife, Patricia Schoenberger, concerning his alcohol abuse that the prosecution elicited on direct examination. He also objects to a description offered

by Tracy Fraker of an incident of domestic violence between petitioner and his wife.

The Ohio court of appeals applied a plain error analysis to these claims and held that the admission of this evidence did not prejudice petitioner. *Schoenberger*, 1998 WL 515899, at *4-5. With respect to Patricia Schoenberger's testimony, the court found that any questionable issues raised concerning petitioner's alcohol abuse were refuted by her. *Id.* at *4. With respect to Tracy's testimony, the court determined that violated Ohio Rule of Evidence 608(B)'s prohibition against the admission of specific instances of bad conduct. *Id.* at *5. However, the court went on to hold that this error did not prejudice defendant because the primary issue at trial was the credibility of the victims. *Id.*

As noted above, only in extraordinary cases will an error in the application of state rules of evidence rise to the level of a due process violation in a federal habeas proceeding. *See Seymour*, 224 F.3d at 552. Given the stringent standards of AEDPA and our general reluctance to second-guess state court evidentiary rulings in a habeas proceeding, we cannot say that the admission of this evidence violated petitioner's due process rights. We agree with the state court's determination that no prejudice appears to have resulted from Patricia Schoenberger's testimony, and that any prejudice which may have resulted from the evidence of petitioner's assault on his wife was minimal in light of the fact that the primary issue at trial was the victim's credibility.

## C. Ineffective Assistance of Counsel

Petitioner's final claim is that he was denied effective assistance of trial counsel due to his failure to object to the admission of the evidence that forms the basis of his first two claims. We review a claim of ineffective assistance of counsel under the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at

case of first impression, I would not review petitioner's due process claim under § 2254(d)(1) as it was never "adjudicated on the merits" by the state courts, a precondition to review under § 2254(d). In my view, "adjudicated on the merits" means 'actually decided upon .' *Doan* committed a critical error when it skipped over § 2254(d)'s requirement that a claim be actually decided upon before applying the standard of review set forth in § 2254(d)(1). In my view, which I explain below, we should follow the approach of our sister circuits who have addressed this issue and hold that a claim not actually decided upon by the state courts should not be reviewed under § 2254(d)(1)'s deferential standard, but the pre-AEDPA de novo standard of review.

Several circuits have addressed the issue of what constitutes an "adjudication on the merits" in two contexts relevant hereto. First, several circuits have discussed whether cursory treatment of a federal claim, such as that ordinarily found in a summary order, is an "adjudication on the merits." *See Sellan v. Kuhlman*, 261 F.3d 303, 309-315 (2d Cir. 2001); *Green v. Johnson*, 116 F.3d 1115, 1120-1121 (5th Cir. 1997); *Delgado v. Lewis*, 181 F.3d 1087, 1093 (9th Cir. 1999); *Aycox v. Lytle*, 196 F.3d 1174, 1177-1178 (10th Cir. 1999). Uniformly, these circuits have held that a federal court should not refuse to apply § 2254(d) based on the quality of the state court's decision.[5] As the Second Circuit stated:

> If we were to infer that an unconscionable breakdown occurred herein because the Appellate Division issued a summary affirmance rather than a written opinion, not only would this reflect doubt regarding the capabilities of the New York courts as fair and competent forums for

---

[5] The Second Circuit has twice discussed an apparent "circuit split" on this issue. *See Sellan*, 261 F.3d at 313 n.5; *Washington v. Shriver*, 255 F.3d 45, 53 (2d Cir. 2001). However, the Second Circuit did not distinguish between cases where a habeas court was determining whether a claim was decided at all and cases where a habeas court was determining the level of deference afforded cursory analysis of a federal claim by a state court.

pursuant to Ohio Evid. R. 606(B), an adequate and independent state ground. *See id.*[2] On appeal, we disagreed with the district court's reasoning and held that Ohio Evid. R. 606(B) could not serve as an adequate and independent state basis for upholding the conviction because the state law could itself violate the Constitution. *See id.* at 728 ("the Warden cannot put forth Ohio Evid. R. 606(B) as an adequate and independent state basis for the state court decision, thus avoiding Supreme Court review, when the very application of that evidence rule is alleged to prevent Doan from ever showing that his federal constitutional rights . . . were violated.").

In *Doan,* by holding that the Ohio Court of Appeals could not rest its entire decision on state law, we acknowledged that the state courts never considered the defendant's constitutional claims.[3] Nonetheless, we held that we were required to apply § 2254(d)(1) to the result of the state court proceedings on all of the defendant's claims – even to the constitutional claims that the state court never considered. *See id.* at 730-731.[4]

The present case is indistinguishable from *Doan.* Here, an Ohio Court of Appeals rested its decision on the Ohio Rules of Evidence without ever addressing petitioner's due process claim. Therefore, we review the due process claim under the "contrary to" clause of § 2254(d)(1). *See id.* Although I acknowledge that this panel is bound by *Doan*, were this a

---

[2]The habeas petition was denied on other grounds.

[3]*See Doan,* 237 F.3d at 730 ("The state court of appeals, because it found the Ohio evidence rule to be controlling, apparently did not deem it necessary to address Doan's federal constitutional argument . . . .").

[4]*Doan* requires that we only apply the "contrary to" clause of § 2254(d)(1) in our analysis. *See id.* at 731. According to *Doan*, the "unreasonable application" clause of § 2254(d)(1) does not govern our analysis because the Ohio Court of Appeals failed to "correctly identify the governing legal principle". *See id.* at 730.

687. In our review we are mindful that "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997).

The Ohio court of appeals applied Ohio's version of this test and concluded that "[i]t was the flavor of the defense and a trial tactic to criticize the work of the three social workers and discredit Tracy by emphasizing her drug and juvenile court involvement." *Schoenberger*, 1998 WL 515899, at *6. Moreover, the state court held that there was no prejudice to defendant from the admission of this testimony or from the evidence of prior bad acts. *Id.*

As pointed out previously, we agree with the state court that not objecting to the testimony of the three social workers was part of a deliberate trial strategy. Petitioner is unable to point to an error by trial counsel that prejudiced him. In addition, under the deferential standards of AEDPA, we cannot say that the state court's determination that petitioner was not prejudiced by the admission of prior bad acts evidence is contrary to clearly established federal law.

### III.

We **affirm** the judgment of the district court.

## CONCURRENCE

DAMON J. KEITH, Circuit Judge, concurring. I concur in the majority's opinion. In reaching its result, the majority cites our decision in *Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir. 2000) as dictating the deference that we must give the Ohio Court of Appeals's treatment of petitioner's due process claim – a claim never decided upon by that court. I agree that *Harris*, and more importantly, *Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001), require us to apply 28 U.S.C. § 2254(d)(1) even when the state courts do not consider properly raised federal claims. I write separately, however; to express my disagreement with *Doan*.[1] In my view, § 2254(d) requires a federal court to first find that a petitioner's federal claim was "adjudicated on the merits" before applying § 2254(d)(1) – a step skipped in *Doan*. Here, where the state courts have not decided upon petitioner's federal claims, there is simply no "adjudication on the merits." Therefore, in my view, we should follow the rest of our sister circuits that have addressed this issue, apply pre-AEDPA law, and review the federal claims de novo.

28 U.S.C. § 2254(d)(1), as amended by the AEDPA, reads:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States[.]

The majority correctly states that "[a]lthough [the] petitioner raised a claim that admission of this testimony violated both due process and his right to a fair trial, the Ohio court of appeals did not directly address these constitutional issues." The majority then correctly states that our precedents dictate that in the absence of a state court decision on a defendant's federal claim, we still apply § 2254(d)(1) to the federal claim on habeas review:

In the absence of a state court decision, we conduct an independent review of federal law to determine if the state court either contravened or unreasonably applied clearly established federal law to determine if the state court either contravened or unreasonably applied clearly established federal law. . . . "That independent review, however, is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA."

Majority Op. at 6 (citing *Harris,* 212 F.3d at 943).

In *Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001), we further explained how to apply § 2254(d). In *Doan,* the Ohio Court of Appeals never addressed the defendant's constitutional claim challenging his conviction. *See id.* at 727. The defendant alleged that he was denied his constitutional right to confront adverse witnesses when one juror made extraneous statements to other jurors. Upon the filing of the habeas petition, the district court held that it was barred from reviewing the constitutional claim because the Ohio Court of Appeals decision disposed of the claim

---

[1] While I strongly disagree with the holding from *Doan* that controls this case, I do not believe that its reversal would yield a different result for the petitioner in this case. The Ohio Court of Appeals ruled that petitioner did not properly preserve his due process claim because he failed to object to introduction of the disputed testimony at trial. The Court of Appeals also ruled that introduction of this testimony was not in plain error, as its introduction was consistent with the defense's trial strategy. Because the petitioner procedurally defaulted this claim, he would have to show cause and prejudice to overcome this procedural default. *See e.g, Quintero v. Bell*, 256 F.3d 409, 413 (6th Cir. 2001). I do not believe that petitioner has met this burden.