**Angelo SMITH, Petitioner,**

v.

**Timothy BRUNSMAN, Warden, Respondent.**

**Case No. 1:07cv878.**

United States District Court,
S.D. Ohio,
Western Division.

Feb. 27, 2009.

Angelo Smith, Lebanon, OH, pro se.

Gene D. Park, Diane Duemmel Mallory, Ohio Attorney General, Columbus, OH, for Respondent.

### ORDER

MICHAEL R. BARRETT, District Judge.

This matter is before the Court on the Report and Recommendation filed by the Magistrate Judge on December 16, 2008 (Doc. 16).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Despite receiving extensions to file objections (See Docs. 19 and 22), no objections to the Magistrate Judge's Report and Recommendation have been filed.

Having reviewed this matter *de novo* pursuant to 28 U.S.C. 636, this Court finds the Magistrate Judge's Report and Recommendation to be correct.

Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED.** Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** with prejudice consistent with the opinion of the Magistrate Judge; and the Motion to Amend Petitioner (Doc. 14) is **DENIED.** This matter is closed.

A certificate of appealability shall not issue with respect to petitioner's claims for relief under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). With respect to any application by petitioner to proceed on appeal in *forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal in *forma pauperis* upon a showing of financial necessity. *See* Fed. R.App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

TIMOTHY S. BLACK, United States Magistrate Judge.

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 9), petitioner's motion for leave to amend petition for a writ of habeas corpus (Doc. 14), and respondent's memorandum in opposition. (Doc. 15).

## I. FACTS

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> Smith, Valtina Lovette, and their daughter, Kyra, had lived together in Lovette's Bond Hill home. Lovette's other daughter, Kayla, also lived there. Lovette and Smith's relationship was acrimonious, however, and Lovette had told Smith to move out as soon as he found another residence.
>
> Sometime thereafter, Smith set fire to Lovette's home. Before doing so, he took Lovette's cellular phone from her purse and cut the cords to her landline telephones. Lovette and her children watched as Smith retrieved a gasoline can from his car and doused the side of their house with the gasoline. Smith ignited the doused area with a lighter and then extinguished the flame with water. Smith told Lovette "[G]o to sleep tonight, you and the kids will burn."
>
> Kayla called for help on a phone that was still working. A family friend, Stephanie Hall, and her boyfriend immediately went to Lovette's residence. Smith was still there. Hall testified at trial that she had asked Smith why he had set the fire, and that he responded that if he could not live there then no one else could.
>
> Police arrived and arrested Smith. Cincinnati Fire Specialist Paul Alloway was called to the scene to investigate. He recovered a gasoline can and later determined that gasoline had been purposely splashed on the siding of Lo-

vette's house and ignited with a lighter or match.

(Doc. 9, Exh. 5 at 1–2).

## II. PROCEDURAL HISTORY

Petitioner was indicted by the Hamilton County Grand Jury on two counts of aggravated arson in violation of Ohio Rev. Code § 2909.02(A)(1) and (A)(2). (Doc. 9, Exhibit 1).

Following a jury trial, petitioner was found guilty of all charges. On June 6, 2006, petitioner was sentenced to concurrent terms of imprisonment of ten years on the first count of aggravated arson and eight years on the second count of aggravated arson. (Doc. 9, Exhibit 2).

Petitioner, through new counsel, filed a timely notice of appeal in the First District Court of Appeals and raised the following assignments of error:

1. Smith was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by the improper conduct of the assistant prosecutors in calling a witness to testify not provided to the defense in discovery and by making improper comments during closing argument.

2. The trial court erred as a matter of law by permitting other acts testimony into evidence thus prejudicing Smith's right to a fair trial.

3. The trial court erred to Smith's prejudice by entering a judgment entry of conviction when the evidence was insufficient as a matter of law, and/or against the manifest weight of the evidence to sustain a conviction that Smith committed the crime of aggravated arson.

4. The trial court erred to Smith's prejudice when it improperly sentenced him

[1]. The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo,* 365 F.3d 487, 493–94 (6th Cir.2004).

to a maximum term of imprisonment without findings by a jury or admissions of the facts formerly required by R.C. § 2929.14.

(Doc. 9, Exhibit 3). The State filed a response. (Doc. 9, Exhibit 4). On May 30, 2007, the Court of Appeals affirmed the judgment of the trial court overruling each assignment of error. (Doc. 9, Exhibit 5).

Petitioner filed a timely *pro se* notice of appeal in the Supreme Court of Ohio and raised the following propositions of law in his memorandum in support of jurisdiction:

1. The Common Pleas and Court of Appeals judgment entries of sentence violate Appellant's right to trial by jury where Appellant was sentenced to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Ohio Supreme Court in *State v. Foster* (2006), 109 Ohio St.3d 1 [845 N.E.2d 470], which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.

2. The Court of Common Please and Court of Appeals by affirmance, violated Appellant's right not to be subjected to ex post facto law, by sentencing him to a term of incarceration which exceeds the maximum available under the statutory framework at the time of the offenses. The decision rendered by the Ohio Supreme Court in *State v. Foster* (2006), 109 Ohio St.3d 1 [845 N.E.2d 470], which purports to authorize the sentence rendered against Appellant, is incompatible with the controlling precedent of the United States Supreme Court and violates his absolute right to procedural due process of law.

3. Defendant–Appellant's sentences are void because he was never put on notice that his maximum/minimum sentence of three (3) years was to be enhanced in this case—a structural defect in violation of his absolute right to procedural due process of law.

4. Defendant–Appellant was deprived of the effective assistance of counsel on appeal where the attorney failed to recognize, argue and brief the fact that convicting and sentencing Appellant for both aggravated robbery and theft by threat violated his right not to be subjected to the same offense twice.

(Doc. 9, Exhibit 6). On October 3, 2007, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, Exhibit 7).

Petitioner also filed a *pro se* petition to vacate or set aside judgment in the trial court on the basis that his sentence was unconstitutional. (Doc. 9, Exhibit 8). The petition was overruled and petitioner did not appeal. (Doc. 9, Exhibit 10).

Petitioner filed a motion to reopen the direct appeal pursuant to Ohio App. Rule 26(B) alleging ineffective assistance of appellate counsel. (Doc. 9, Exhibit 11). The First District Court of Appeals denied the motion as untimely, and petitioner did not appeal. (Doc. 9, Exhibit 13).

On October 19, 2007, petitioner filed the instant Petition for Writ of Habeas Corpus setting forth the following grounds for relief:

**GROUND ONE:** Petitioner's sentences are void as violating the 14th Amendment Due Process provision as being ex post facto.

**Supporting Facts:** At the time the crime occurred, Ohio law mandated that the Petitioner be sentenced to the maximum sentence per Ohio Revised Code § 2929.14(B). The Ohio Supreme Court's subsequent judicial enlargement

of this statute as being ex post facto; see *State v. Foster* (2006), 109 Ohio St.3d 1, 845 N.E.2d 740 [470].

**GROUND TWO:** Denial of effective assistance of counsel on appeal as a right.

**Supporting Facts:** Appellate counsel renders constitutionally deficient performance where he fails to cite trial counsel's ineffectiveness where sentence being void as a matter of law, both attorney failed to properly object, thereby failing to recognize[ ] and argue and brief a dead bang winner.

(Doc. 1, petition).

## III. STANDARD OF REVIEW

■ On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir.2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir.2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:

A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citation omitted).

■ However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell*, 290 F.3d 831, 835 (6th Cir.2002); *Harris v. Stovall*, 212 F.3d 940, 943 & n. 1 (6th Cir.2000), *cert. denied*, 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

## IV. GROUNDS ONE AND TWO OF THE PETITION ARE WITHOUT MERIT

Ground One of the petition asserts that petitioner's sentence violates the Ex Post Facto Clause and due process. The two aggravated arson offenses on which petitioner was convicted occurred in 2005. Petitioner was sentenced on these convictions in 2006 under Ohio's sentencing statute as modified by the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied*, 549 U.S. 979, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006). Petitioner contends the *Foster* decision constitutes a "judicial enlargement" of Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), in violation of the Ex Post Facto Clause and due process.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In *Blakely*, the United States Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 303, 124 S.Ct. 2531. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' ... is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244, 125 S.Ct. 738. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243–44, 125 S.Ct. 738. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244–264, 125 S.Ct. 738 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19–25, 845 N.E.2d at 490–94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial

courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25–30, 845 N.E.2d at 494–98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was indicted in 2005, Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), required a judicial finding "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others" to justify the imposition of more than the minimum sentence. However, when petitioner was sentenced on June 6, 2006, *Foster* had already been decided and was applicable to the sentencing in petitioner's case. Thus, at the time petitioner was sentenced, the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum sentences on petitioner. *Foster,* 109 Ohio St.3d at 25–30, 845 N.E.2d at 494–98; *see also Minor v. Wilson,* 213 Fed.Appx. 450, 453 n. 1 (6th Cir.2007). Nor did the State have any burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore,* 2008 WL 2778510, *8 (N.D.Ohio July 14, 2008) (emphasis in the original).

■ Petitioner's felony one conviction for aggravated arson under count one of the indictment subjected him to a sentence between three and ten years for the offense. *See* Ohio Rev. Code § 2929.14(A)(1). Petitioner was sentenced to a term of imprisonment of ten years on this offense. The aggravated arson offense charged in count two of the indictment was a felony of the second degree and subjected petitioner to a sentence between two and eight years. *See* Ohio Rev. Code § 2929.14(A)(2). Petitioner was sentenced to a term of eight years on this offense. The trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely.*

■ Petitioner nonetheless argues that the application of the *Foster* sentencing scheme had an impermissible *ex post facto* effect on his sentence. (See Doc. 9, Exhibit 3 at 6–8). As explained above, pursuant to *Foster,* the sentencing court may impose the maximum term in its discretion without making any findings of fact. 109 Ohio St.3d at 30, 845 N.E.2d at 498. Petitioner contends that since the indictment was issued in 2005, prior to the *Foster* decision, he was entitled to be sentenced under the pre-*Foster* sentencing scheme which, under *Blakely,* meant that the "maximum" sentence that he could receive was three years on the felony one offense and two years on the felony two offense. Petitioner argues that *Foster* resulted in the increase of his sentence from the presumptive minimum sentences of three years and two years respectively without specific findings of fact and constitutes the infliction of a greater punishment than the law allowed for the crime when it was committed.

■ Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when com-

mitted;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee,* 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *10 (N.D.Ohio Feb. 1, 2008) (unpublished); *see also Rogers,* 532 U.S. at 456, 460, 121 S.Ct. 1693 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

■ Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456, 121 S.Ct. 1693. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459, 121 S.Ct. 1693 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354–55, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)); *see also United States v. Barton,* 455 F.3d 649, 654 (6th Cir.) ("when addressing *ex post facto*-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied,* 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner of the aggravated arson charges, and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster.* *McGhee, supra,* 2008 WL 320763, at *11. In 2005, when the crimes were committed in this case, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum and even maximum sentences as long as the court made certain findings consistent with Ohio Rev. Code § 2929.14(B). In other words, petitioner was on notice that he faced somewhere between three and ten years for the commission of a first degree felony and between two years and eight years for the commission of a second degree felony so long as the sentencing judge made the requisite findings. Similarly, post-*Foster,* petitioner knew that the trial court retained the discretion to impose sentences within the statutory range of three to ten years and two to eight years respectively. Therefore, both before and after *Foster,* petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties. As one Ohio district court reasoned in rejecting an Ohio prisoner's *ex post facto*-type due process claim challenging his re-sentencing under *Foster* to the same maximum prison term that had been imposed pre-*Foster:*

> Prior to *Foster,* the trial court made additional findings of fact consistent with Ohio Revised Code § 2929.14(C) and sentenced Petitioner to the maximum sentence available under Ohio Revised Code § 2929.14(A)(1): ten years. Under constitutional law as Ohio courts interpreted it at the time, Petitioner was

not entitled to ... proof beyond a reasonable doubt as to the additional findings of fact required by Ohio Revised Code § 2929.14(C).

Now, Petitioner alleges that his due process rights were violated because he has a right to ... proof beyond a reasonable doubt under the new law arising from *Foster*. After *Foster*, the elements of the crime for which Petitioner was charged were unaffected.... Further, Petitioner's claim of a right to ... trial by jury regarding sentencing factors lacks merit because, following *Foster*, the trial judge maintains discretion under Ohio Revised Code § 2929.14(A)(1) to impose a sentence in the range of three to ten years for a first degree felony based upon facts admitted by the defendant or found by a jury. Therefore, the statutory maximum for *Apprendi* purposes is ten years, as Petitioner believed it was before *Foster*.

Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an *ex post facto*-type due process violation. Moreover, the trial judge's application of *Foster* to Petitioner's case did not violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.

*McGhee, supra*, 2008 WL 320763, at *11.

The Court notes that both the federal district courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision. *See, e.g., Rettig v. Jefferys*, 557 F.Supp.2d 830, 841 (N.D.Ohio 2008) (citing Ohio cases); *Hooks v. Sheets*, No. 1:07–cv–520, 2008 WL 4533693 (S.D.Ohio Oct. 3, 2008) (unpublished) (Beckwith, J.); *Collins v. Warden, Chillicothe Corr. Inst.*, No. 3:06–cv–256, 2008 WL 728390 (S.D.Ohio Mar. 17, 2008) (unpublished) (Rice, J.; Merz, M.J.).[2] *See also Parker v. Warden*, No. 3:08–cv–322, 2008 WL 4547490 (S.D.Ohio Oct. 10, 2008) (unpublished) (Rice, J.; Merz, M.J.) (finding no merit to *ex post facto* challenge where crime committed before *Foster*, but sentenced imposed after *Foster* decided). Accordingly, the undersigned concludes that petitioner's rights under the Constitution's Ex Post Facto and Due Process Clauses were not violated when the trial court sentenced petitioner to concurrent terms of imprisonment of ten years and eight years for his aggravated arson convictions.

Finally, the ineffective assistance of appellate counsel claim alleged in Ground Two of the petition is based on appellate counsel's alleged failure to "cite trial counsel's ineffectiveness where sentence being void as a matter of law, both attorney (sic) failed to properly object, thereby failing to recognize[ ] and argue and brief a dead bang winner." (Doc. 1, Ground Two). Since petitioner's underlying *Blakely* and *ex post facto* challenges to his sentence lack merit, neither trial nor appellate counsel's alleged failure to raise such claims prejudiced petitioner's defense. As such, there was no violation of petitioner's Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Accordingly, the claims alleged in Grounds One and Two of the petition should be denied.

**2.** The circuit courts have uniformly rejected *ex post facto* challenges to the application of advisory sentencing guidelines to federal criminal defendants who committed crimes prior to *Booker*. *See, e.g., United States v. Barton*, 455 F.3d 649, 653–657 (6th Cir.), *cert.* denied, 549 U.S. 1087, 127 S.Ct. 748, 166 L.Ed.2d 579 (2006) (*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not violate *ex post facto* ) (and numerous cases cited therein).

## V. PETITIONER'S MOTION FOR LEAVE TO AMEND THE HABEAS PETITION SHOULD BE DENIED.

Petitioner seeks leave to amend the petition to add four additional claims for relief. (Doc. 14). The first ground alleges that the affidavits of Specialist Alloway were not notarized by the municipal clerk of court and, therefore, the state court lacked jurisdiction over petitioner. (Doc. 14 at 1). The remaining three grounds are in essence the first, second and third assignments of error raised before the First District Court of Appeals. (Doc. 9, Exhibit 3; Doc. 14 at 4). All of these additional grounds for relief have been procedurally defaulted and waived.

■ The first claim concerning the allegedly defective affidavits was never brought as a claim of error before the Ohio state courts. Petitioner is thus barred from raising this claim in the Ohio courts because he had the previous opportunity to present such claim during his direct appeal and failed to do so, thereby waiving such issue under state procedural law.[3] *See Lordi v. Ishee,* 384 F.3d 189, 194 (6th Cir.2004), *cert. denied,* 546 U.S. 821, 126 S.Ct. 355, 163 L.Ed.2d 63 (2005) (citing *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994)); *see also Buell v. Mitchell,* 274 F.3d 337, 349 (6th Cir.2001). This is an adequate and independent state ground which forecloses this Court's review of the federal constitutional claim raised therein in the absence of a showing of cause and prejudice. *Id.*

■ The second, third, and fourth grounds for relief, while raised as claims of error in the Ohio Court of Appeals, were never included as claims in petitioner's appeal to the Supreme Court of Ohio. (Doc. 9, Exhibit 6). These claims are likewise barred by *res judicata* under Ohio state law and therefore procedurally defaulted. *Id.*

■ Petitioner has failed to demonstrate either cause for the procedural default of the four claims he seeks to add to his petition or actual prejudice resulting from the alleged constitutional violations raised therein. Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. Therefore, amendment of the petition would be futile and should be denied. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Coe v. Bell,* 161 F.3d 320, 341–42 (6th Cir.1998), *cert. denied,* 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999). *See also Moss v. United States,* 323 F.3d 445, 476 (6th Cir.), *cert. denied,* 540 U.S. 879, 124 S.Ct. 303, 157 L.Ed.2d 144 (2003).

### IT IS THEREFORE RECOMMENDED:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. Petitioner's motion to amend the petition (Doc. 14) should be DENIED.

3. A certificate of appealability should not issue with respect to Grounds One and Two of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on

---

3. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967) (syllabus).

the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).